**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11793
Ph. 516.826.6500
David A. Blansky, Esq.
Wendy J. Rothstein, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

ZAHMEL RESTAURANT SUPPLIES CORP.,
               Debtor.
-----------------------------------------------------------------x
GREGORY MESSER, ESQ., AS THE CHAPTER 7
TRUSTEE OF THE BANKRUPTCY ESTATE OF
ZAHMEL RESTAURANT SUPPLIES CORP.,

               Plaintiff,

   -against-

US FOODS, INC.,

               Defendant.
-----------------------------------------------------------------x

Chapter 7
Case No.: 18-43312 (CEC)

Adv. Pro. No.     (CEC)

**COMPLAINT**

### COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

Gregory Messer, as Chapter 7 Trustee (the "Trustee" or "Plaintiff") of Zahmel Restaurant Supplies Corp. (the "Debtor"), in support of this complaint to avoid and recover preferential transfers (the "Complaint") from US Foods, Inc. (the "Defendant") and to disallow any claims held by Defendant against the Debtor or its estate pending the return of the preferential transfers, hereby alleges as follows:

## NATURE OF THE CASE

1. This adversary proceeding (the "Adversary Proceeding") is commenced pursuant to Sections 547 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover preferential transfers made by the Debtor to, or for the benefit of, Defendant.

2. In addition, Plaintiff seeks to disallow, pursuant to Sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtor or its estate, or that has been scheduled by the Debtor for Defendant, until such time as the preferential transfers have been recovered by the Plaintiff.

3. Plaintiff does not waive and hereby reserves all of his rights to object to any such claim(s) for any reason in other proceedings in the Bankruptcy Case (defined below), including, but not limited to, any reason set forth in Sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Eastern District of New York (the "Court") has subject matter jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409 because the Adversary Proceeding arises in and is related to the Debtor's Chapter 7 case pending before this Court (the "Bankruptcy Case").

6. The Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (F), and (O).

7. Plaintiff consents to the entry of final orders and judgment by this Court if it is determined that this Court, absent the consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

8. This Court may grant the relief requested in the Adversary Proceeding pursuant to Bankruptcy Code §§ 105, 502(d) and (j), 547(b), and 550(a), and such relief is properly sought by adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7001(1).

## PARTIES AND PROCEDURAL HISTORY

9. On June 5, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 in this Court.

10. By Order of the Court dated April 24, 2019, the Debtor's bankruptcy case was converted to one under Chapter 7 of the Bankruptcy Code.

11. By Notice of Appointment dated April 24, 2019, Gregory Messer was appointed as the Chapter 7 Trustee of the Debtor's estate, has duly qualified and is the permanent Trustee of the Debtor's estate.

12. Upon information and belief, at all times material hereto, Defendant was a creditor and vendor of the Debtor.

13. Upon information and belief, Defendant is a foreign corporation, having its principal place of business at 9399 West Higgins Road, Suite 100, Rosemont, IL 60018.

14. Upon information and belief, at all times material hereto, Defendant was transacting business in the state of New York.

## FACTUAL BACKGROUND

15. Before the Filing Date, the Debtor was a restaurant supply distributor, which maintained business relationships with various business entities from which the Debtor purchased its inventory.

16. Defendant was one of the vendors from which the Debtor purchased inventory prior to the Filing Date.

17. In view of the magnitude and priority of the debts owed by the Debtor on the Filing Date and the likely administrative expenses of this estate, the allowed claims of general unsecured creditors are not anticipated to be paid in full.

18. On or during the ninety (90) day period (the "Preference Period") immediately preceding the Filing Date, the Debtor made the following transfers (the "Transfers") to or for the benefit of Defendant totaling $19,395.10:

| Check No. | Check Date | Clear Date | Amount |
|---|---|---|---|
| 25090 | 03/09/18 | 03/12/18 | $2,350.00 |
| 25092 | 03/14/18 | 03/15/18 | $2,369.45 |
| 25216 | 03/16/18 | 03/19/18 | $2,100.00 |
| 25217 | 03/19/18 | 03/20/18 | $2,117.79 |
| 25285 | 03/23/18 | 03/26/18 | $2,200.00 |
| 25286 | 03/26/18 | 03/27/18 | $2,199.14 |
| 25489 | 03/28/18 | 03/29/18 | $1,200.00 |
| 25490 | 03/29/18 | 03/30/18 | $1,220.00 |
| 25491 | 03/30/18 | 04/02/18 | $1,177.80 |
| 25778 | 04/19/18 | 04/20/18 | $ 2,460.92 |
| **TOTAL** | | | **$19,395.10** |

19. Upon information and belief, the Transfers were made in payment of goods sold and delivered by Defendant to the Debtor, namely food products.

20. During the course of this Adversary Proceeding, Plaintiff may learn of additional transfers made to Defendant during the Preference Period.

21. The Debtor was insolvent, or rendered insolvent, at the time of the Transfers.

22. Plaintiff intends to avoid and recover all such transfers and Plaintiff reserves all rights to supplement and amend the allegations of this Complaint accordingly.

**FIRST CLAIM FOR RELIEF**
**(Avoidance and Recovery of Preferential Transfers – 11 U.S.C. §§ 547(b) and 550(a))**

23. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

24. The Debtor made Transfers totaling not less than $19, 395.10 to, or for the benefit of, Defendant on or about the dates listed for each Transfer in paragraph "18" above.

25. Each of the Transfers cleared the Debtor's account during the Preference Period.

26. Each of the Transfers was made to, or for the benefit of, Defendant during the Preference Period.

27. Each of the Transfers constituted a transfer of an interest in property of the Debtor.

28. Each of the Transfers was made on account of an antecedent debt owed by the Debtor to Defendant before each of the Transfers was made.

29. Defendant provided the goods, services, and/or value paid for by each of the Transfers before each of the Transfers was made.

30. Each of the Transfers was made while the Debtor was insolvent.

31. Pursuant to Bankruptcy Code Section 547(f), the Debtor is presumed to have been insolvent on and during the ninety (90) days immediately preceding the Filing Date.

32. Receipt of each of the Transfers enabled Defendant to receive more than it would have received (a) if each of the Transfers had not been made, and (b) if Defendant received payment of the debt paid by each of the Transfers to the extent provided by the provisions of the Bankruptcy Code.

33. Defendant was the initial transferee of each of the Transfers, or the entity for whose benefit each of the Transfers was made.

34. Plaintiff is entitled to: (a) avoid the Transfers under Section 547(b) of the Bankruptcy Code; and (b) recover the Transfers or the value of the Transfers from Defendant under Section 550(a) of the Bankruptcy Code, together with pre- and post-judgment interest thereon.

## SECOND CLAIM FOR RELIEF
### (Disallowance of Claims - 11 U.S.C. §§ 502(d) and (j))

35. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

36. Defendant is a transferee of Transfers avoidable pursuant to Section 547 of the Bankruptcy Code, which property is recoverable under Section 550 of the Bankruptcy Code.

37. Defendant has not paid the amount of the Transfers or turned over such property for which Defendant is liable under Section 550 of the Bankruptcy Code.

38. Pursuant to Section 502(d) of the Bankruptcy Code, any and all claims of Defendant against the Debtor, including any and all claims assigned by Defendant, must be disallowed until such time as Defendant pays Plaintiff the amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

39. Pursuant to Section 502(j) of the Bankruptcy Code, any and all previously allowed claims of Defendant against the Debtor, including any and all claims assigned by Defendant, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff the amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays that this Court grant the following relief against Defendant:

A. On Plaintiff's First Claim for Relief, judgment in favor of Plaintiff and against Defendant avoiding the Transfers and directing Defendant to return to Plaintiff the amount of the Transfers pursuant to Bankruptcy Code Sections 547(b) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Second Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims filed or otherwise held by Defendant and/or its

assignee against the Debtor until Defendant returns the Transfers to Plaintiff pursuant to Bankruptcy Code Sections 502(d) and (j); and

C. Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: May 28, 2020
Wantagh, New York

        **LaMonica Herbst & Maniscalco, LLP**
        Attorneys for Gregory Messer, as Chapter 7 Trustee
        of Zahmel Restaurant Supplies Corp.

By: *s/David A. Blansky*
     David A. Blansky, Esq.
     A Partner of the Firm
     3305 Jerusalem Avenue, Suite 201
     Wantagh, New York 11793
     Tel. (516) 826-6500